UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| **BREATHE ECIGS CORP,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| **BREATHE LLC,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT**

Plaintiff Breathe eCigs Corp (hereinafter "Plaintiff"), in support of its claims against Defendant Breathe LLC (hereinafter "Defendant"), alleges the following:

**PARTIES**

1. Plaintiff, Breathe eCigs Corp, is a corporation of the State of Nevada having its principal place of business at 9921 Lani Lane, Knoxville, Tennessee 37932.

2. On information and belief, Defendant, Breathe LLC, is a Florida limited-liability company having a principal place of business located at 3050 Dyer Boulevard, No. 106, Kissimmee, Florida 34741. On information and belief, Defendant also maintains places of business at 8167 Main Street, Suite 206, Ellicott City, Maryland 21043, and 1400 Mount Jefferson Road, Suite 7, West Jefferson, North Carolina, 28694.

**JURISDICTION AND VENUE**

3. This is an action for trademark infringement arising under common law, for unfair competition arising under 15 U.S.C. § 1125(a) and at common law, for a Declaratory Judgment

1

that United States Trademark Registration No. 4,633,887 is not infringed by Plaintiff, and for cancellation of United States Trademark Registration No. 4,633,887.

4. This Court has subject matter jurisdiction over Plaintiff's claims for trademark infringement, unfair competition, declaratory judgment, and cancellation pursuant to 15 U.S.C. § 1119 and 1121, and 28 U.S.C. § 1331, 1332, 1338, 2201, and 2202.

5. On information and belief, Defendant has advertised and sold products within this judicial district. Accordingly, this Court has personal jurisdiction over the Defendant.

6. Venue is proper in this judicial district pursuant to 28 USC § 1391.

## STATEMENT OF FACTS

7. Plaintiff is in the business of developing, manufacturing, and selling electronic cigarettes, propylene glycol and vegetable glycerin based liquid for electronic cigarettes, and other related accessories for electronic cigarettes. Since at least as early as May of 2013, Plaintiff, and/or its predecessors in interest, has marketed and sold its electronic cigarettes and related products in interstate commerce using the trademark "BREATHE."

8. Plaintiff is the owner of the domain name "breathecig.com" and advertises and sells its products via an internet web page located at http://www.breathecig.com. A printout of Plaintiff's website, showing Plaintiff's "BREATHE" trademark, is attached hereto as **Exhibit A**.

9. Plaintiff has spent considerable time, effort, and expense promoting, advertising, and popularizing its "BREATHE" trademark throughout the United States, with the result that the purchasing public has come to know, rely upon, and recognize Plaintiff's "BREATHE" trademark as an indicator of the source of the goods offered and sold thereunder. Plaintiff has established valuable goodwill in its "BREATHE" trademark. Accordingly, Plaintiff has

developed common law trademark rights in its "BREATHE" trademark, and such trademark is lawfully entitled to a broad ambit of protection against infringing uses.

10. On information and belief, Defendant is a direct competitor of Plaintiff. More specifically, on information and belief, Defendant is in the business of selling propylene glycol and vegetable glycerin based liquid for electronic cigarettes.

11. On information and belief, Defendant is the owner of the domain name "breatheic.com" and advertises and sells its products via an internet web page located at http://www.breatheic.com under the mark "BREATHE INTELLIGENT CIGARETTE & Design" and/or similar variations thereof. A printout of Defendant's website, showing Defendant's "BREATHE INTELLIGENT CIGARETTE & Design" mark, is attached hereto as **Exhibit B**.

12. On information and belief, Defendant is the owner of United States Trademark Registration No. 4,633,887, which was registered on November 4, 2014. A copy of United States Trademark Registration No. 4,633,887 (hereinafter "the '887 Registration") is attached hereto as **Exhibit C**. The '887 Registration issued from U.S. Application Serial No. 86/076,790 (hereinafter "the '790 Application"), an intent-to-use federal trademark application filed on September 27, 2013.

13. The '790 Application was filed subsequent to the first use of Plaintiff's "BREATHE" trademark. Accordingly, Plaintiff has superior priority in its "BREATHE" trademark over any constructive use afforded to Defendant's "BREATHE INTELLIGENT CIGARETTE & Design" mark by virtue of the September 27, 2013 filing date of the '790 Application. Furthermore, the '887 Registration indicates Defendant's "BREATHE INTELLIGENT CIGARETTE & Design" mark was first used in interstate commerce on April

22, 2014, after the first-use date of Plaintiff's "BREATHE" trademark in interstate commerce. Thus, the first use of Plaintiff's "BREATHE" trademark predates both Defendant's constructive use and Defendant's actual first use of "BREATHE INTELLIGENT CIGARETTE & Design," and Plaintiff has superior trademark rights in its "BREATHE" trademark over Defendant's "BREATHE INTELLIGENT CIGARETTE & Design" mark.

14. Defendant's "BREATHE INTELLIGENT CIGARETTE & Design" mark incorporates a phonetically identical variation of Plaintiff's "BREATHE" trademark and is confusingly similar to Plaintiff's "BREATHE" trademark.

15. Defendant's goods associated with the "BREATHE INTELLIGENT CIGARETTE & Design" mark and the goods set forth in the '887 Registration, namely, "Cartridges sold filled with propylene glycol for electronic cigarettes; cartridges sold filled with vegetable glycerin for electronic cigarettes," are confusingly similar to Plaintiff's goods.

16. Defendant's goods are likely to be purchased by the same consumers who purchase and/or use Plaintiff's goods.

17. Defendant's unauthorized use of its "BREATHE INTELLIGENT CIGARETTE & Design" mark, a mark which is confusingly similar to Plaintiff's "BREATHE" trademark, in connection with the sale of products which are confusingly similar to Plaintiff's products, is likely to cause confusion among consumers and misrepresents the origin of the goods and services offered by the Defendant. Purchasers, potential purchasers and others are likely to mistakenly believe that the Defendant's goods offered under the mark "BREATHE INTELLIGENT CIGARETTE & Design" are produced, sponsored, endorsed, or approved by Plaintiff, or are in some way affiliated, connected, or associated with Plaintiff, causing damage

and injury to Plaintiff. Such conduct by the Defendant has irreparably harmed, and continues to irreparably harm, Plaintiff.

18. On or about August 5, 2015, Plaintiff received a letter dated July 21, 2015 from counsel for Defendant alleging that Plaintiff is infringing Defendant's trademark. On information and belief, in this letter, Defendant, by and through its counsel, alleges that Plaintiff's use of its "BREATHE" trademark constitutes infringement of alleged trademark rights held by Defendant in its "BREATHE INTELLIGENT CIGARETTE & Design" mark. A copy of this letter is attached hereto as **Exhibit D**.

19. In the letter, Defendant demanded, among other things, that Plaintiff provide "a full accounting of all monies associated with your business" and that Plaintiff "remove/deactivate your website." Such demands were backed by the threat of litigation. Accordingly, an actual case or controversy exists between the parties.

20. Continued registration of the "BREATHE INTELLIGENT CIGARETTE & Design" mark would confer upon Defendant statutory presumptions to which it is not entitled in view of Plaintiff's prior use of its "BREATHE" trademark, resulting in further damage and injury to the Plaintiff.

## COUNT I

## TRADEMARK INFRINGEMENT

21. The allegations of paragraphs 1 through 20 above are restated and incorporated herein by reference.

22. Defendant's unauthorized use of marks which incorporate phonetically identical variations of Plaintiff's "BREATHE" trademark, and/or which are confusingly similar to Plaintiff's "BREATHE" trademark (i.e. "BREATHE INTELLIGENT CIGARETTE & Design"

and/or similar variations thereof), in connection with the sale of products which are confusingly similar to Plaintiff's products, is likely to cause confusion of purchasers and the public in general, to cause mistake and to deceive the purchasing public and others. These acts constitute infringement of Plaintiff's trademark rights in its "BREATHE" trademark arising under common law.

23. On information and belief, Defendant's acts of trademark infringement were committed with the willful and knowing intent to cause confusion and mistake and to deceive the public.

24. Defendant's acts of trademark infringement have irreparably damaged Plaintiff.

25. It would be difficult to ascertain the amount of compensation which could afford Plaintiff adequate relief for such acts. Accordingly, Plaintiff's remedy at law is not adequate to compensate it for injuries threatened.

## COUNT II

## UNFAIR COMPETITION

26. The allegations of paragraphs 1 through 25 above are restated and incorporated herein by reference.

27. Defendant's unauthorized use of marks which incorporate phonetically identical variations of Plaintiff's "BREATHE" trademark, and/or which are confusingly similar to Plaintiff's "BREATHE" trademark (i.e. "BREATHE INTELLIGENT CIGARETTE & Design" and/or similar variations thereof), in connection with the sale of products which are confusingly similar to Plaintiff's products, constitutes a false designation of origin which is likely to cause confusion, to cause mistake, and to deceive the public and potential customers as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin,

sponsorship, or approval of Defendant's goods and/or services by Plaintiff. These acts are in violation of 15 U.S.C. § 1125(a), in that Defendant has used in connection with goods and services a false designation of origin and a false or misleading description and representation of fact which is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of Defendant with Plaintiff and as to the origin, sponsorship, and approval of Defendant's goods, services and commercial activities by Plaintiff. Such activities by Defendant also constitute acts of common law unfair competition.

28. Defendant's acts of federal and common law unfair competition were committed with the intent to cause confusion and mistake and to deceive the public.

29. Defendant's acts of federal and common law unfair competition have damaged Plaintiff.

30. It would be difficult to ascertain the amount of compensation which could afford Plaintiff adequate relief for such acts. Accordingly, Plaintiff's remedy at law is not adequate to compensate it for injuries threatened.

## COUNT III

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF '887 REGISTRATION**

31. The allegations of paragraphs 1 through 30 above are restated and incorporated herein by reference.

32. As a result of the aforementioned letter, Plaintiff has a reasonable fear and apprehension that trademark infringement litigation will be brought against it by the Defendants. An actual justiciable controversy therefore exists between the parties.

33. Plaintiff has not infringed any valid trademark rights owned by Defendant with regard to Defendant's "BREATHE INTELLIGENT CIGARETTE & Design" mark. In this

regard, Plaintiff has superior trademark rights in its "BREATHE" trademark over Defendant's "BREATHE INTELLIGENT CIGARETTE & Design" mark.

34. The allegations of Defendant that Plaintiff has infringed alleged trademark rights held by Defendant in its "BREATHE INTELLIGENT CIGARETTE & Design" mark are frivolous, and Plaintiff is entitled to a Declaration and Judgment that Plaintiff has not infringed, and is not infringing, any trademark rights of Defendant with regard to the "BREATHE INTELLIGENT CIGARETTE & Design" mark.

35. This is an exceptional case within the meaning of 15 U.S.C. §1117 entitling Plaintiff to an award of its attorney fees and costs of this litigation.

## COUNT IV

## CANCELLATION OF THE '887 REGISTRATION

36. The allegations of paragraphs 1 through 36 above are restated and incorporated herein by reference.

37. The "BREATHE INTELLIGENT CIGARETTE & Design" mark and the goods set forth in the '887 Registration so resemble Plaintiff's "BREATHE" trademark and goods as to be likely to be confused therewith and mistaken therefor.

40. The "BREATHE INTELLIGENT CIGARETTE & Design" mark set forth in the '887 Registration so resembles Plaintiff's "BREATHE" trademark as to be likely, when used on or in connection with the goods identified in the '887 Registration, to cause confusion, mistake, or deception among purchasers, potential purchasers and others. Purchasers, potential purchasers and others are likely to mistakenly believe that the Defendant's goods/services offered under the "BREATHE INTELLIGENT CIGARETTE & Design" mark are produced, sponsored, endorsed

or approved by Plaintiff, or are in some way affiliated, connected or associated with Plaintiff, causing damage and injury to Plaintiff.

41. Further, continued registration of the "BREATHE INTELLIGENT CIGARETTE & Design" mark would confer upon Defendant statutory presumptions to which it is not entitled in view of Plaintiff's prior use of its "BREATHE" trademark, resulting in further damage and injury to the Plaintiff.

42. Therefore, the '887 Registration should be cancelled pursuant to 15 U.S.C. §§ 1052(d) and 1064.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

A. That Defendant and all of Defendant's agents, servants, employees, officers, attorneys, successors and assigns and all other persons in active concert or participation with it, and/or controlled by it, be temporarily, preliminarily, and permanently enjoined from:

i. using Plaintiff's trademarks, including without limitation "BREATHE", any colorable imitations thereof, and/or any trademarks, service marks, trade names and/or domain names confusingly similar thereto including without limitation "BREATHE INTELLIGENT CIGARETTE & Design";

ii. otherwise offering products for sale in a misleading manner, or misrepresenting Defendant's affiliation with Plaintiff or otherwise unfairly competing with Plaintiff and/or infringing Plaintiff's trademarks.

B. That Defendant be directed to file with the Court and serve upon Plaintiff, within thirty (30) days after issuance of any injunction, a written report setting forth in detail the manner and form in which Defendant has complied with the injunction.

C. That Defendant be required to account to Plaintiff for any and all profits derived by Defendant from the sale of their goods and/or services and for all damages sustained by Plaintiff by reason of said acts of infringement and unfair competition complained of herein.

D. That Plaintiff be awarded its damages, including corrective advertising damages, for Defendant's infringement and unfair competition, and the profits derived by Defendant pursuant to 15 U.S.C. § 1117 and the common laws of Tennessee.

E. That Plaintiff be awarded treble damages pursuant to 15 U.S.C. § 1117 in view of Defendant's willful, knowing, and intentional conduct.

F. That the Court find this to be an exceptional case and award Plaintiff its reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

G. That Plaintiff be awarded punitive damages for intentional common law trademark infringement and unfair competition.

H. That Plaintiff be awarded its costs of this action pursuant to 15 U.S.C. § 1117.

I. That the Court enter an Order permanently enjoining Defendant and all of Defendant's agents, servants, employees, officers, attorneys, successors and assigns and all other persons in active concert or participation with it, and/or controlled by it, from making further allegations or claims that Plaintiff has infringed any trademark rights in the "BREATHE INTELLIGENT CIGARETTE & Design" mark.

J. That the '887 Registration be cancelled and that registration of the mark for the goods therein specified be deemed invalid.

K. That Plaintiff be awarded such other and further relief that the Court deems just and proper.

Respectfully submitted,

BREATHE ECIGS CORP


/Jacob G. Horton/
Robert E. Pitts (Tenn. BOPR# 01610)
    rpitts@pl-iplaw.com
Andrew C. Lake (Tenn. BOPR# 29952)
    alake@pl-iplaw.com
Jacob G. Horton (Tenn. BOPR# 25467)
    jhorton@pl-iplaw.com
Raymond E. Stephens (Tenn. BOPR# 15037)
    rstephens@pl-iplaw.com
Pitts & Lake, P.C.
P.O. Box 51295
Knoxville, Tennessee 37950-1295
Phone: (865) 584-0105
Fax: (865) 584-0104

**Attorneys for Plaintiff**