UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BREATHE ECIGS CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CV-345-TAV-HBG |
| | ) | |
| BREATHE LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Set Aside Entry of Default and for a Thirty-Day Extension of Time to File a Responsive Pleading [Doc. 14], filed by Defendant Breathe LLC. Plaintiff Breathe eCigs Corporation has responded in opposition, [Doc. 17], and both a reply and sur-reply have been filed, [Doc. 20, 21]. This motion is ripe for adjudication, and for the reasons set forth herein, the Defendant's motion will be **GRANTED**.

I.      **BACKGROUND**

Plaintiff filed its Complaint on August 10, 2015, [Doc. 1], and Defendant was served on August 18, 2015, [Doc. 5]. Defendant's time for responding to the Complaint expired on September 8, 2015. Defendant did not file an answer, file a motion to dismiss, or move for an extension of time before its time expired on September 8. Plaintiff moved for the Clerk's entry of default on September 9, 2015, [Doc. 6], and the Clerk entered default on September 29, 2015, [Doc. 8]. Later the same day, Plaintiff filed a Motion for Default Judgment [Doc. 9].

On September 25, 2015, Attorney Christopher Brown sent correspondence to the Chief District Judge's chambers asking that a conference be conducted regarding the consolidation of this case with a case pending in the Southern District of New York. On September 30, 2015, this motion was denied based upon *inter alia* Mr. Brown's lack of admission to the Eastern District of Tennessee and the failure to file these case-related documents in the record. [Doc. 12].

Also on September 25, 2015, Defendant's CEO Tyler Glover sent correspondence to the Chief District Judge's chambers asking that this litigation be stayed. On September 30, 2015, the Clerk of Court docketed this correspondence as a Motion to Stay and Motion to Consolidate Cases [Doc. 11]. On October 7, 2015, the undersigned denied these motions, noting that Mr. Glover was not an attorney and could not act on behalf of the Defendant.

On October 12, 2015, Attorney Matthew Googe filed a Notice of Appearance on behalf of Defendant and also filed the instant Motion to Set Aside Default. As stated above, this motion is fully briefed, and the parties presented their oral arguments to the Court on November 20, 2015.

## II.     POSITIONS OF THE PARTIES

Defendant moves the Court to set aside the Clerk's entry of default pursuant to Rule 55 of the Federal Rules of Civil Procedure, because the default was not willful, setting the default aside would not prejudice plaintiff, and Defendant has a meritorious defense. [See Docs. 14, 20]. Defendant maintains that the entry of default was not willful because these parties are currently engaged in three actions – the instant case, a case in the Southern District of New York, and an action before the United States Patent and Trade Office ("USPTO") – and the Defendant had difficulty responding in all three actions simultaneously. Defendant argues that the Plaintiff

moved very quickly to obtain a default from the Clerk and the Defendant also acted quickly to set aside the Clerk's default. Defendant contends that the Plaintiff will not be prejudiced by the default being set aside, because there has been little delay in this process and no financial loss incurred by Plaintiff. Defendant argues that it has a meritorious defense against Plaintiff's claims based upon the theory of actual use and the position that its registration predates Plaintiff's use of the BREATHE mark. Defendant reminds the Court that likelihood of success on the merits is not the measure of whether a defendant will succeed on the merits. Defendant moves the Court to grant it thirty days to respond to the Complaint.

Plaintiff responds that Defendant has not shown good cause for setting aside the Clerk's default. [See Docs. 17, 21]. Plaintiff argues that Defendant is culpable in its default, because Defendant chose to ignore this case based upon its preference for litigating in the Southern District of New York. Plaintiff maintains that it will be prejudiced if the default is set aside because it would be required to litigate in both this District and in the Southern District of New York. Plaintiff contends that Defendant cannot present a meritorious defense and its conclusory statements about presenting such a defense hold no weight. Plaintiff maintains that Defendant's request for thirty days is not supported by good cause.


III.    **ANALYSIS**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The court may set aside an entry of default, for good cause . . . ." Fed. R. Civ. P. 55(c).

The Court of Appeals for the Sixth Circuit has explained:

> "[I]t is important to distinguish between an entry of default and a default judgment." <u>United States v. Real Property & All Furnishings Known as Bridwell's Grocery & Video</u>, 195 F.3d 819, 820 (6th Cir. 1999) (hereinafter "Real Property"). That is, "'a stricter standard of review applies for setting aside a default once it has ripened into a judgment.'" <u>Id.</u> (quoting <u>Waifersong, Ltd. Inc. v. Classic Music Vending</u>, 976 F.2d 290, 292 (6th Cir.1992)). Specifically, " 'once the court has determined damages and a judgment has been entered, the district court's discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and termination of litigation' " as reflected in Rule 60(b). <u>Weiss</u>, 283 F.3d at 794 (quoting <u>Waifersong</u>, 976 F.2d at 292). However, under Federal Rule of Civil Procedure 55(c), "[f]or good cause shown, the court may set aside an entry of default . . . ."

<u>O.J. Distrib. Inc. v. Hornell Brewing Co., Inc.</u>, 340 F.3d 345, 353 (6th Cir. 2003).

District Courts enjoy considerable latitude under the good cause standard contained in Rule 55. <u>Id.</u> The criteria for determining whether good cause has been demonstrated include whether: (1) the default was willful; (2) setting aside the default would prejudice the plaintiff; and (3) the defaulted party has a meritorious defense. <u>Id.</u> (citing <u>United Coin Meter Co., Inc. v. Seaboard Coastline RR</u>, 705 F.2d 839 (6th Cir. 1983)). "[P]rejudice to the plaintiff and the presence of a meritorious defense are the two most important considerations . . . ." <u>United States v. $22,050.00 U.S. Currency</u>, 595 F.3d 318, 324-25 (6th Cir. 2010).

### A. *Prejudice to the Plaintiff*

Delay alone does not establish prejudice. <u>See</u> <u>INVST Financial Group v. Chem-Nuclear Systems, Inc.</u>, 815 F.2d 391, 398 (6th Cir. 1987). Instead, to demonstrate prejudice, plaintiff must show that the delay will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud or collusion."

In the instant case, the record does not demonstrate prejudice to the Plaintiff. The entry of default in this case was remarkably swift, and the instant motion was filed less than sixty days after the case itself was filed. Plaintiff argues that it will be prejudiced by the fact that, if this case goes forward on the merits, Plaintiff will be litigating both in this District and the Southern District of New York. The Plaintiff moves the Court to find that the simple inconvenience of proceeding with the instant litigation is prejudicial. Such a finding would be inconsistent with the law of the Sixth Circuit. Instead, the Court finds that there is no evidence before the Court indicating that the slight delay in adjudication caused by the default has thwarted discovery or otherwise interfered with this litigation in a manner that amounts to prejudice under applicable Sixth Circuit law.

Accordingly, the Court finds that the record before the Court does not demonstrate that setting aside the default in this case would be prejudicial to the Plaintiff.

**B.**    ***Meritorious Defense***

A defense is considered meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." $22,050.00 U.S. Currency, 595 F.3d at 326 (quoting Burrell v. Henderson, 434 F.3d 826, 834 (6th Cir. 2006)). "[A] defense is meritorious if it is 'good at law,' regardless of whether the defense is actually likely to succeed on the merits." Id. (quoting Williams v. Meyer, 346 F.3d 607, 614 (6th Cir. 2003)).

Defendant asserts that it has a meritorious defense in that it was the first to use the BREATHE mark in commerce and it obtained a trademark through actual use. [Doc. 20 at 5]. It also asserts that the Plaintiff alleges a first use in commerce date for the BREATHE mark of

October 1, 2013, which Defendant maintains is after the date of Defendant's trademark registration. [Id. at 6].

The evidence before the Court does not demonstrate that these defenses are not good at law, regardless of whether the Defendant will ultimately succeed on the merits of these defenses. The Court has considered these defenses and finds that "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default," $22,050.00 U.S. Currency, 595 F.3d at 326.

Accordingly, the Court finds that Defendant has demonstrated that it has a meritorious defense, as defined by applicable case law from the Court of Appeals for the Sixth Circuit.

## C.     Willfulness of the Default

As stated previously, the two factors discussed above are the most important considerations, and in that vein, the Court of Appeals for the Sixth Circuit has found that a district court abused its discretion when it refused to set aside a default where the defendant had a meritorious defense and no prejudice would result to the plaintiff. See O.J. Distrib., Inc. v. Hornell Brewing Co., 340 F.3d 345, 353 (6th Cir. 2003) (citing Shepard Claims Serv., Inc. v. William Darrah & Assoc., 796 F.2d 190, 193-94 (6th Cir. 1986)). Notwithstanding, the Court turns to evaluating whether the default was willful.

Defendant maintains that its default was not willful because it was confused by the numerous proceedings between the parties – i.e. this action, the case in the Southern District of New York, and the proceeding before the USPTO. The Court finds that the other pending litigation does not relief the Defendant of its obligations in this suit. Instead, the Court finds that the speed with which Defendant moved to remedy the default in this case demonstrates that the Defendant did not willfully invite the default for tactical or other reasons. The Court finds that

Defendant was negligent in not responding to the Complaint in a timely matter, but the Court declines to find the default to be willful.

Accordingly, the Court finds that record before the Court does not demonstrate that the default was willful.

## IV.     CONCLUSION

Based upon the foregoing, the Court finds that the Defendant has shown good cause for setting aside the default in this case, pursuant to Fed. R. Civ. P. 55(c), and the Court finds that the Defendant's request for an extension of its time to respond to the Complaint is well-taken. Therefore, the Motion to Set Aside Default **[Doc. 14]** is **GRANTED**.  The entry of default is **VACATED**, and the Defendant shall have up to and including **January 22, 2016**, in which to respond to the Complaint.

**IT IS SO ORDERED.**

ENTER:

_United States Magistrate Judge_